IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JERRY LUIS BERRIOS RIVERA           CASE NO. 09-10111-SEK
GRETCHEN ODETTE BERRIOS SANCHEZ     CHAPTER 13

DEBTOR(s)

**OPPOSITION TO DEBTORS' "EXPEDITED REQUEST FOR AUTHORIZATION"**

**TO THE HONORABLE COURT:**

Comes now, Alejandro Oliveras Rivera, Chapter 13 Trustee, through the undersigned counsel and very respectfully states and prays:

> *"Money, like water, will always find an outlet"*
> John Paul Stevens

1. Debtors' confirmed plan dated January 20, 2010 has the following provision:

> ANY POST PETITION TAX RETURNS THAT MAY PROSPECTIVELY ARISE FROM ANY TAX REFUND FOR THE DURATION OF THE PLAN WILL BE USED AS NEEDED TO FUND THE PLAN IN ORDER TO MAXIMIZE THE DISTRIBUTION TO GENERAL UNSECURED CREDITORS, AFTER ITS CONFIRMATION AND WITHOUT THE NEED FOR ANY FURTHER NOTICE, HEARING OR COURT ORDER, THE PLAN SHALL BE DEEMED MODIFIED BY THE INCREMENT(S) TO ITS BASE.

2. On June 17, 2010, debtors filed an "Expedited Request for Authorization" (hereinafter "Expedited Request"). Mainly, debtors alleged that they received the 2009 state tax refund in the amount of $1,310.00 and that they need $856.00 from the tax refund in order to buy new tires, see docket no. 35.

3. On June 21, 2010, the Court entered an order granting debtors' Expedited Request unless the trustee or any party in interest objects within seven (7) days, see Order docket no. 37.

4. The Trustee hereby opposes any such use by Debtors of the tax refund, based on res judicata, lack of justification therefore, unreasonableness of certain items, absence of change of circumstances warranting such a use; expenditure items were foreseeable at the time of confirmation and expenditure items are totally or significantly provided for in the Debtors' budget.

5. Under the doctrine of res judicata, a confirmation order binds <u>debtors</u> and creditors to the provisions of a confirmed Chapter 13 plan, <u>In re Eason</u> 178 B.R. 908 (BC MD Ga. 1994); <u>In re Burrell</u> 346 B.R. 561 (1st. Cir. BAP 2006).

6. Moreover, in cases under the BAPCPA, bankruptcy courts have also ruled that tax refunds are part of a chapter 13 debtor's projected disposable income. <u>In re Michaud</u>, 399 B.R. 365 (Bankrtcy.D.N.H.2008) the Court concluded that a debtor's tax refunds were part of their projected disposable income. Relying on <u>In re Michaud</u>, Honorable Judge Lamoutte in the John Alexander Figueroa Padilla case, 07-07495 ruled that: "*The tax refund becomes income when received and in the amount received. The amount must be paid into the plan shortly after receipt.*" (Opinion and Order dated June 22, 2009, dkt. #64, p. 5, Ln.16-17).

7. According to schedule B, debtors own a **2000 Kia Sephia**. In debtors' Expedited Request, aside from providing only a

'supporting' document that appears to be a receipt, no justification is given for such a drastic departure from one of the funding terms of the confirmed plan.

8. Furthermore, and at first blush, the 2000 Kia Sephia's tire change at $800.00 comes across as unreasonable; the request has been made without submitting different estimates or quotes to evaluate whether the same is reasonable and necessary as of this moment. Assuming that four (4) tires are being changed, each would cost $200.00. The mentioned vehicle is a small SUV-sport utility vehicle-with no known need for a tire with specifications other than ordinary.

9. Please note that, according to amended schedule J, debtors have a monthly expense of $55.00 for auto maintenance, this represents $660.00 a year devoted to the maintenance and/or repairs to the vehicle, such as tire change.

10. Debtors have not adduced a change of circumstances warranting the abandonment of the confirmed plan's tax refund provision to be used to pay their creditors.

11. In accordance with the confirmed plan dated January 20, 2010 and Congress' intent to insure that debtors are making an honest good faith effort to repay their creditors, chapter 13 debtors shall devote all their disposable income received during the length of the plan. For all the reasons stated herein, Trustee respectfully requests that debtors' Expedited Request

should be denied, and, consequently be ordered to tender immediately to Trustee the 2009 refund for the benefit of their creditors.

**WHEREFORE**, it is respectfully requested from this Honorable Court to DENY debtors' Expedited Request and, consequently, be ordered to tender immediately the 2009 refund for the benefit of their creditors and grant any remedy it may deem just.

**NOTICE**

YOU ARE HEREBY NOTIFIED THAT YOU HAVE FOURTEEN (14) DAYS FROM THE DATE OF THIS NOTICE TO FILE AN OPPOSITION TO THE FOREGOING MOTION AND TO REQUEST A HEARING. IF NO OPPOSITION IS FILED WITHIN THE PRESCRIBED PERIOD OF TIME, THE TRUSTEE'S MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS(1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INEREST OF JUSTICE REQUIRES OTHERWISE. IF A TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sent a notification of such filing to the following: valdeslaw@prtc.net. I further certify that I have mailed this document by First Class Mail postage prepaid to debtors and debtors' counsel-address of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th DAY OF JUNE, 2010.

**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521
aorecf@ch13sju.com

By: **/s/ROSAMAR GARCIA FONTAN**
ROSAMAR GARCIA FONTAN
Staff Attorney
USDC-PR # 221004